USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/27/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
COSTER AURELIEN,

Plaintiff,

v.

Case No.: 1:26-cv-04356-AT

EXLSERVICE HOLDINGS, INC.,
EXLSERVICE.COM, LLC,
DIPTI MATHUR, and JAGAT PAREKH,

Defendants.
--------------------------------------------------------------X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure affording them all rights and protections available under Federal Rules of Evidence 502(d) and (e), without limitation to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through their respective counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel for the Parties, and **IT IS HEREBY ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c) and pursuant to FRE 502(d) and (e), that any person subject to this Order – including, without limitation, the Parties to this action (including for any corporate Party its officers, directors, and employees), their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. This Order shall apply to any documents, electronically stored information, testimony, or other information of any kind produced or disclosed by any Party or non-party in connection with discovery in this action (collectively, "Discovery Material"), including Discovery Material produced in response to mediation protocols, document requests, used or revealed during a deposition, provided in response to interrogatories or requests for admission, or disclosed at a hearing, trial, or other proceeding.

2. The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as "Confidential" only the portion of such Discovery Material that it reasonably and in good faith believes consists of:

(a) non-public personnel records, performance evaluations, disciplinary records, or compensation, benefits, or equity information concerning any current or former employee;

(b) medical, psychiatric, psychological, or other health-related information concerning any individual, including information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

(c) personally identifiable information, including Social Security numbers, dates of birth, financial account numbers, or other information that could be used for identity theft;

(d) non-public financial, business, proprietary, or trade secret information;

(e) information of a personal or intimate nature regarding any individual, the disclosure of which could cause embarrassment, emotional distress, or reputational harm; or

(f) any other category of information that this Court subsequently affords confidential status.

Confidential Discovery Material may include attorney work product to the extent it incorporates or reflects the foregoing categories of information.

3. Except as provided in Paragraph 4 below with respect to deposition testimony, exhibits, and transcripts, the Producing Party or its counsel may designate the Confidential portion of any Discovery Material as "Confidential" by stamping or otherwise clearly marking the protected portion in a manner that does not interfere with its legibility or audibility, and producing for future use in this action another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition testimony, exhibits, or portions of a deposition transcript as Confidential Discovery Material either by: (a) stating on the record during the deposition that a question calls for Confidential information, in which case the court reporter shall bind the transcript of the designated testimony in a separate volume marked "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after the deposition has concluded, of the specific pages and lines of the transcript to be designated Confidential, in which case all counsel receiving the transcript shall be responsible for marking their copies as directed by the Producing Party or its counsel. During the thirty (30) day period following a deposition, all Parties shall treat the entire deposition transcript as Confidential. The Parties may modify this procedure for any

particular deposition or other pretrial testimony, through written agreement or agreement on the record at such deposition or testimony, without further order of the Court.

5. The disclosure of any Discovery Material without a Confidential designation shall not constitute a waiver of the right to so designate that material. If, at any time before the trial of this action, a Producing Party determines that it should have designated as Confidential some portion of Discovery Material previously produced without limitation, the Producing Party may so designate such material by notifying all prior recipients in writing. Thereafter, this Court and all persons subject to this Order shall treat the designated portion(s) as Confidential Discovery Material.

6. Nothing contained in this Order shall be construed as: (a) a waiver by any Party or person of its right to object to any discovery request; (b) a waiver of any privilege, immunity, or other protection from discovery; (c) an admission that any Confidential Discovery Material is relevant, material, or admissible in this action; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such Confidential Discovery Material only to the following persons:

(a) the Parties to this action, and, for a corporate Party, its officers, directors, and employees to the extent reasonably necessary to assist in the prosecution or defense of this action;

(b) counsel of record for the Parties, including any paralegal, clerical, or other staff that such counsel employs and assigns to this matter;

(c) outside vendors or service providers, including copy services, document-management consultants, and e-discovery vendors, that counsel retain and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter, or that the Court appoints, provided such person has first executed the Acknowledgment annexed hereto as Exhibit A;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness whom counsel for a Party in good faith believes may be called to testify at deposition or trial in this action, provided such person has first executed the Acknowledgment annexed hereto as Exhibit A;

(g) any person retained by a Party to serve as an expert witness or consultant in connection with this action, provided such person has first executed the Acknowledgment annexed hereto as Exhibit A;

(h) court reporters and videographers engaged to record or transcribe depositions in this action; and

(i) this Court, including any appellate court, and their respective support personnel and court reporters; and

(j) any other person only upon (i) order of the Court entered upon notice to the Parties or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed; provided that such person has first executed the Acknowledgment annexed hereto as Exhibit A.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), or 7(j) above, counsel shall make them aware of this Order, and such person shall sign the Acknowledgment annexed hereto as Exhibit A, confirming that he or she has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgment and shall produce it to opposing counsel either before the signatory is permitted to testify, at deposition or trial, or at the conclusion of the case, whichever occurs first. Any breach of this Order by a person referred to in subparagraphs 7(d), 7(f), 7(g), or 7(j) above shall be treated as a breach of the Party which disclosed the Confidential Discovery Material to the third-party.

9. All records or information containing medical, psychiatric, or psychological information provided by any Party or by a non-party shall be deemed Confidential Discovery Material under this Order. Nothing in this Order shall be construed to substitute for or limit any obligation imposed on the Parties by HIPAA or its implementing regulations.

10. Any Personally Identifying Information ("PII") – including, without limitation, Social Security numbers, dates of birth, financial account numbers, passwords, and other information that may be used for identity theft – exchanged in discovery shall be maintained by the receiving Party in a secure manner.

11. A Producing Party may designate Discovery Material as "For Attorneys' Eyes Only" or "For Attorneys' and Experts' Eyes Only" if it reasonably believes that the material warrants restrictions on disclosure beyond those applicable to Confidential Discovery Material. Such designations shall be made in the manner provided in Paragraph 3 (or, for deposition testimony, Paragraph 4). Discovery Material designated "For Attorneys' Eyes Only" may be disclosed only to the persons identified in subparagraphs 7(b), 7(c), 7(d), 7(e), 7(h), and 7(i), and Discovery Material designated "For Attorneys' and Experts' Eyes Only" may be disclosed only to

those persons and to the persons identified in subparagraph 7(g). Any Party who objects to such a designation may challenge it in accordance with Paragraph 12.

12. Any Party who objects to the designation of any Discovery Material as Confidential shall first confer in good faith with counsel for the Producing Party in an effort to resolve the dispute. If the Parties are unable to reach agreement, the objecting Party may move the Court for an order, including for an *in camera* inspection, determining whether the challenged material is properly designated as Confidential. Any Discovery Material designated as Confidential shall be treated as such unless and until the Court rules otherwise. The burden of establishing that Discovery Material is properly designated as Confidential or warrants the protection afforded by (and the particular designation made pursuant to) this Order, Rule 26(c), or other applicable law, shall at all times remain with the Party or person asserting confidentiality.

13. Confidential Discovery Material, and any information derived therefrom, shall be used by the persons receiving it solely for the prosecution or defense of this action and any appeals or retrials thereof, and for no other purpose, including any business, commercial, or competitive purpose or any other litigation or proceeding. Nothing contained in this Order shall affect or restrict the right of any Party to use or disclose its own documents or information, whether or not designated as Confidential.

14. Filings with the Court that include Confidential Discovery Material, or that disclose the contents thereof (a "Confidential Court Submission"), shall be made in accordance with the Court's Individual Practices in Civil Cases governing electronic filing under seal (*see* Rule IV(A)):

(a) To the extent a Confidential Court Submission contains only information described in Federal Rule of Civil Procedure 5.2 – namely, Social Security numbers, the names of minor children, dates of birth, or financial account

numbers – the filing Party may redact such information without prior Court approval;

(b) To the extent a Confidential Court Submission contains any other Confidential Discovery Material, the filing Party must first obtain the Court's approval to file such material under seal or in redacted form, by motion or letter motion filed publicly that explains the particular reasons for the requested sealing or redaction. The proposed sealed or redacted document shall be contemporaneously filed under seal and electronically related to the motion. Where the motion seeks approval to redact, rather than seal in full, a document to be publicly filed, the filing Party shall (i) publicly file the document with the proposed redactions, and (ii) file under seal an unredacted copy of the document with the redactions highlighted.

Any sealing or redaction must be narrowly tailored to serve the interest justifying it and must be consistent with the presumption in favor of public access to judicial documents. The Parties acknowledge that the existence of this Order, or the designation of Discovery Material as Confidential, is not by itself a sufficient basis to seal or redact any Court filing. Before seeking leave to file under seal or in redacted form, the moving Party shall meet and confer with the opposing Party, or any third party seeking confidential treatment of the information, to narrow the scope of the request. Any Party seeking leave to file sealed or redacted materials on the ground that an opposing Party or third party has requested it, that Party shall notify the opposing Party or third party that it must file, within three (3) days, a letter explaining the need to seal or redact the materials.

15. Nothing in this Order shall prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to do so by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible and, if permitted by the time allowed for response, at least ten (10) days before any such disclosure. Upon receiving such notice, the Producing Party shall bear the burden of opposing compliance with the subpoena, compulsory process, or other legal notice, if it deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential shall take all due precautions to prevent its unauthorized or inadvertent disclosure.

17. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any information or documents in this action, whether inadvertent or otherwise, that is subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery (collectively, "Privileged Information"), shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection, in this action or in any other federal or state proceeding, with respect to such Privileged Information or its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

18. If a Producing Party gives notice that it has inadvertently disclosed Privileged Information, the receiving Party shall, within five (5) business days of such notice, return or destroy all copies of the Privileged Information and provide a certification of counsel that all such information has been returned or destroyed. No use shall be made of such information during depositions or at trial, nor shall it be disclosed to anyone who did not have access to it prior to the request for return or destruction. Within five (5) business days of confirming the return or

destruction of the Privileged Information, the Producing Party shall produce a privilege log with respect to such information.

19. Any dispute regarding a Producing Party's claim that Discovery Material is Privileged Information shall be resolved in the manner provided in Paragraph 12, and, as under Paragraph 12, the burden of establishing the privileged or protected nature of the material shall at all times remain with the Producing Party. Any such challenge must be raised within ten (10) business days of the receiving Party's receipt of the Producing Party's notice under Paragraph 18. The challenging Party may retain a copy of the material in question during the pendency of its challenge, but such material may be used for no other purpose during this time.

20. Within sixty (60) days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material shall either return such material, including all copies, to the Producing Party, or, at the receiving Party's option and with the Producing Party's permission, destroy such material and certify such destruction in writing to the Producing Party. Notwithstanding the foregoing, counsel of record for the Parties may retain one archival copy of pleadings, motion papers, discovery responses, deposition and trial transcripts and exhibits, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain or reflect Confidential Discovery Material, provided that any such archival copies shall remain subject to the terms of this Order.

21. Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order shall not:

(a) Prejudice in any way the rights of any Party to (i) seek production of documents or information they consider subject to discovery, or (ii) object

to the production of documents or information they consider not subject to discovery;

(b) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Confidential Discovery Material;

(c) Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material;

(d) Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or (ii) seek a determination by the Court whether any Discovery Material should be, or not be, subject to the terms of this Order;

(e) Prevent any Party from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

22. In the event additional Parties join or are joined in the above-captioned action, they shall not have access to Confidential Discovery Material until the newly-joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order. Any non-Party who is also a Producing Party shall have the benefit of this Order, and shall be entitled to enforce its terms, if such non-Party agrees to be bound hereby.

23. Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to Confidential Discovery Material under the terms of this Order:

(a) shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow access to Confidential Discovery Material, in whole or in part – including metadata – unless such application, service, or analytical software:

(i) does not further transfer the Confidential Discovery Material to another provider, unless the receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Order; and

(ii) provides the receiving Party the ability to remove or delete from the system all Confidential Discovery Material.

(b) shall not permit any Confidential Discovery Material to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude and similar tools or applications.

24. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by FRE 502(d) and (e). Meaning that:

(a) A Party's legally-recognized claim for evidentiary protections or privileges—including, without limitation, the attorney-client privilege and the work-product doctrine—applicable to any produced, given, or exchanged Discovery Material is not waived by the Discovery Material's disclosure, pursuant to FRE 502(d).

(b) This Stipulation and Order shall be binding on third parties, pursuant to FRE 502(d).

25. Pursuant to Federal Rule of Evidence 502(d) and (e), the production, exchange, or disclosure of any Discovery Materials subject to a legally-recognized privilege or evidentiary protection by one party to another party shall not constitute a waiver of any applicable privilege or protection.

26. This Order shall survive the termination of this action and shall continue to bind all persons to whom Confidential Discovery Material has been produced or disclosed.

27. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

28. This Order shall be, and hereby is, submitted to the Court for signature and, upon entry, shall be effective *nunc pro tunc* to the date of the Parties' stipulation.

**SO STIPULATED.**

Dated: New York, New York
October 26, 2026

REAVIS PAGE JUMP LLP

By: */s/ Jill Kahn Marshall*
Jill Kahn Marshall, Esq.
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel.: (212) 763-4100
jmarshall@rpjlaw.com

*Attorneys for Plaintiff Coster Aurelien*

LITTLER MENDELSON, P.C.

By: */s/ Ivie A. Serioux*
Ivie A. Serioux, Esq.
Shreya Mantrala, Esq.
900 Third Avenue
New York, New York 10022
Tel.: (212) 583-9600
iserioux@littler.com
smantrala@littler.com

*Attorneys for Defendants EXLService Holdings, Inc., EXLService.com, LLC, Dipti Mathur, and Jagat Parekh*

SO ORDERED.

Dated: October 27, 2026
New York, New York

ANALISA TORRES
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
COSTER AURELIEN,

Plaintiff,

v.

Case No.: 1:26-cv-04356-AT

EXLSERVICE HOLDINGS, INC.,
EXLSERVICE.COM, LLC,
DIPTI MATHUR, and JAGAT PAREKH,

Defendants.
--------------------------------------------------------------X

**ACKNOWLEDGEMENT AND AGREEMENT**

I, the undersigned, hereby declare that I have read the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-captioned action, and that I understand its terms. I agree to adhere to and abide by all of the provisions of the Order, including with respect to any Confidential Discovery Material disclosed to me. I further agree not to use any such Confidential Discovery Material for any purpose other than this litigation, and not to disclose it to any person not authorized to receive it under the Order.

______________________________
Date

______________________________
Signature

______________________________
Print Name and Title